**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAIMEYAHN STEVENSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3512** |
| **LOUISIANA SUPREME COURT AND**<br>**LOUISIANA APPELLATE PROJECT** | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation of the Magistrate Judge recommending that Daimeyahn Stevenson's pro se complaint be dismissed without prejudice for failure to prosecute. Rec. Doc. 7. This report was filed on November 30, 2022, giving plaintiff until December 14, 2022 to file objections. As reasons, it cited Stevenson's failures to notify the court of his address changes and comply with a previously issued order to either pay the filing fee or submit an application to proceed as a pauper no later than November 23, 2022. *See* Rec. Doc. 4.

After that Report and Recommendation was issued, the Court received from plaintiff an application dated November 16, 2022 to proceed as a pauper.  Moreover, that application was contained in an envelope indicating plaintiff's new address.  That envelope bore a postmark of December 14, 2022, and the application was eventually filed on December 16, 2022. Rec. Doc. 9.

In light of those foregoing intervening developments,

1

**IT IS ORDERED** that the Report and Recommendation is dismissed as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court update plaintiff's address of record to reflect his return address as indicated in Rec. Doc. 9 at p. 7.

**IT IS FURTHER ORDERED** that plaintiff's pleading is hereby construed as a petition for habeas relief pursuant to 28 U.S.C. § 2254.[1]

**IT IS FURTHER ORDERED** that plaintiff's application to proceed as a pauper is **GRANTED**.

**IT IS FURTHER ORDERED** that the Warden (or other authorized official) of David Wade Correctional Center in Homer, Louisiana withdraw from plaintiff's facility account and forward to this Court the $5.00 filing fee for the habeas petition, payable to the Clerk of Court for the Eastern District of Louisiana, pursuant to plaintiff's previously filed authorization and certificate. *See* Rec. Doc. 9 at 4-5.

**IT IS FURTHER ORDERED** that plaintiff's habeas petition is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter

---

[1] Plaintiff does not specify the nature of his action in his pleading. However, he essentially asks this federal court to order the state court to provide him with an opportunity to present claims of ineffective assistance of trial and appellate counsel, all arising from his 2001 conviction, sentence, and subsequent denials of appellate and post-conviction efforts. Rec. Doc. 9-1 at 4-5.  Because it concerns the handling and challenges the ultimate legitimacy of his state criminal judgments at the trial and appellate levels, his pleading is properly construed as habeas petition.

jurisdiction because it is a second or successive § 2254 petition[2] which was filed without the required authorization from the United States Fifth Circuit Court of Appeals.[3]

**IT IS FURTHER ORDERED** that nothing in this Order and Reasons shall prevent plaintiff from filing with the United States Fifth Circuit Court of Appeals a proper motion for authorization to file a second or successive habeas petition.

New Orleans, Louisiana this 9th day of January, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff filed a prior habeas petition challenging the same state criminal judgment, and that petition was dismissed with prejudice as untimely filed. *See Stevenson v. Cain*, Civ. Action No. 15-4776, 2016 WL 3511722 (E.D. La. Apr. 15, 2016), *adopted*, 2016 WL 3430675 (E.D. La. June 21, 2016), *certificate of appealabilty denied sub nom. Stevenson v. Vannoy*, No. 16-30817, 2017 WL 4679417 (5th Cir. June 20, 2017), *cert. denied*, 138 S. Ct. 745 (2018).

[3] An applicant must move in the appropriate court of appeals for authorization before filing a second or successive habeas petition in a federal district court.  28 U.S.C. § 2244(b)(3)(A). The United States Fifth Circuit Court of Appeals has held that § 2244(b)(3)(A) acts as a jurisdictional bar to a district court's asserting jurisdiction over any successive habeas petition until such authorization has been granted.  *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  Where, as here, a second or successive petition has been filed without the required authorization, it is proper for the district court to dismiss the petition without prejudice for lack of jurisdiction. *See In re Hertzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (explaining that, if a second or successive habeas petition "is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court").